IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIM R. BRIDGES,<br><br>                    Plaintiff,<br><br>          v.<br><br>J.C. PENNEY CORPORATION, INC., and<br>GENERAL ELECTRIC CAPITAL<br>CORPORATION, d/b/a GE CAPITAL<br>RETAIL BANK,<br><br>                    Defendants. | 8:13CV157<br><br>MEMORANDUM AND ORDER |

This matter is before the court on the plaintiff's motion for leave to amend his complaint, Filing No. 21.  The defendants oppose the motion.  This is an action for negligence, breach of contract, bad faith, and libel.  Jurisdiction is premised on diversity of citizenship under 28 U.S.C. § 1331.

The plaintiff asserts that he has obtained new information since the filing of the original complaint.  *See id.*  In his proposed amended complaint, the plaintiff adds factual allegations and adds a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").  *Id.*, Attachment 1, Proposed Amended Complaint. Also, the plaintiff contends the proposed amended complaint addresses certain deficiencies noted in the defendants' motion to dismiss the original complaint.  *Id.*; *see* Filing No. 8, Motion to Dismiss.[1]

The defendants argue the court should deny the motion because plaintiff failed to comply with the procedural requirements necessary for seeking leave to amend a

---

[1] Among other things, the defendants argued in their motion to dismiss that the plaintiff's claims were preempted by the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*, and the Truth in Lending Act, 15 U.S.C. §§ 1601 *et seq.*  Filing No. 9, Brief in Support of Motion to Dismiss at 7-13.

complaint and because the amendment would be futile.  They assert defendant GECRB is not directly liable for alleged violations of the FDCPA because GECRB is a creditor within the meaning of the FDCPA and not a debt collector.

Under the Federal Rules, "the court should freely give leave when justice so requires."   Fed. R. Civ. P. 15(a).   A district court may appropriately deny leave to amend where there are compelling reasons "such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Moses.com Sec., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005); *Horras v. American Capital Strategies, Ltd.*, 729 F.3d 798, 804 (8th Cir. 2013).   "In most cases, '[d]elay alone is insufficient justification; prejudice to the nonmovant must also be shown.'"   *Id.* (quoting *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)).

The court finds the plaintiff's motion for leave to amend should be granted.  The plaintiff's alleged failure to comply with procedural requirements is premised on the local rule requiring that a motion raising a substantial issue of law must be supported by a brief.  Whether a substantial issue of law is involved is a matter of debate.  It is not clear on the face of the complaint that the amendments would be futile.  The plaintiff alleges that the defendant is a debt collector so as to be covered by the FDCPA.  This is the first time the plaintiff has sought leave to amend.  The delay occasioned by the amendment is not inordinate.  The court finds the ends of justice will be served by granting leave to amend.  The filing of the amended complaint renders the defendants' earlier motion to dismiss moot.

IT IS ORDERED:

1.      The plaintiff's motion for leave to amend (Filing No. 21) is granted.

2.      The plaintiff shall file a clean copy of the proposed amended complaint (Filing No. 21, Attachment 1) within 3 days of the date of this order.

3.      Defendants shall answer or otherwise plead within 14 days thereafter.

4.      The defendants' motion to dismiss (Filing No. 8) is denied as moot, without prejudice to reassertion.

    Dated this 6th day of November, 2013.

                                        BY THE COURT:


                                        s/ Joseph F. Bataillon
                                        United States District Judge