# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JIM R. BRIDGES, | |
| Plaintiff, | 8:13CV157 |
| vs. | |
| J.C. PENNEY CORPORATION, INC. and GENERAL ELECTRIC CAPITAL CORPORATION, | ORDER |
| Defendants. | |

This matter is before the court on the plaintiff's, Jim R. Bridges (Bridges), Motion for Leave to Amend Complaint (Filing No. 39). Bridges did not file a brief in support of the motion.[1] The defendants, J.C. Penny Corporation, Inc. (J.C. Penny) and General Electric Capital Corporation d/b/a GE Capital Retail Bank (GE Capital), filed a brief (Filing No. 42) in opposition. The plaintiff also filed a motion to strike the defendants' opposition (Filing No. 43). The defendants filed a brief (Filing No. 44) in response.

## BACKGROUND

This case arises from the alleged mishandling of Bridges' two J.C. Penny Rewards Credit Cards. **See** Filing No. 26 - Amended Complaint. Bridges closed the first card in 2002. *Id.* In 2009, Bridges opened a second card. *Id.* In 2010, Bridges purchased several items from J.C. Penny with his second card. *Id.* Bridges subsequently returned the items and J.C. Penny, instead of refunding the account for the second card, applied the refund to the closed first card leaving an outstanding balance on the second card. *Id.* Bridges and J.C. Penny attempted to resolve the mistakes, however further mistakes were made in correcting the balances, and J.C. Penny and GE Capital, who operated J.C. Penny's credit card customer service, notified Bridges the account for the second card was sent for collection to credit bureaus. *Id.*

---

[1] "A brief is not required if (i) a motion raises no substantial issue of law and (ii) relief is within the court's discretion. Examples include motions to which all parties consent, to withdraw as counsel to a party, for an extension of time, or for leave to proceed in forma pauperis. If the court concludes that a motion raises a substantial issue of law, however, it may treat the failure to file a brief as an abandonment of the motion." Rule 7.1(a)(1)(B) of the Civil Rules of the United States District Court for the District of Nebraska.

In 2010, as a result of negative credit reports, which caused Bridges' credit score and credit worthiness to decline, when Bridges' company, Software Engineering Services Corporation (SES), sought to refinance its 2005 mortgage loan of approximately $3.5 million at 7.5 percent interest,[2] SES's application was denied.  *Id.*  GE Capital eventually removed the charges and derogatory information from Bridges' credit after Bridges' attorney demanded removal in January of 2012.  *Id.*  Thereafter, Bridges was able to refinance SES's loan with a balance of $2.2 million at an interest rate of 3.5 percent, saving SES approximately $12,000 per month.  *Id.*  Bridges alleges he paid $204,000 more in interest on the mortgage than he would have had to pay if his 2010 application for a refinance had been approved.  *Id.*

In the Amended Complaint, Bridges alleges J.C. Penny wrongfully posted a payment to Bridges' wrong account and GE Capital negligently failed to investigate the erroneous posting, breached an oral agreement to transfer the payment from the first card to the second card, and reported erroneous, derogatory information to credit bureaus.  **See** Filing No. 26 - Amended Complaint.  The defendants filed a motion to dismiss.  **See** Filing No. 27.  The court denied the motion with respect to Bridges' Fair Credit Reporting Act (FCRA) claims but dismissed Bridges' state law negligence claims on the basis the FCRA preempted the claims.  **See** Filing No. 36 - Memorandum and Order.  Specifically, the court ruled "a fair reading of the amended complaint shows that the plaintiff's damages arise out of GE Capital's failure to investigate the accuracy of information reported to credit reporting agencies, a matter within the purview of the Fair Credit Reporting Act."  **See** *id.*

Prior to the defendants filing an answer, Bridges filed the instant motion to amend.  **See** Filing No. 39 - Motion.  Bridges seeks to amend his complaint to more clearly express his FCRA claims.  *Id.*  Bridges also seeks to amend his complaint to clearly aver the state law negligence claims.  *Id.*  Bridges contends the negligence claims preceded and are separate from his claims under the FCRA.  *Id.*  Bridges argues the negligence claims stem from defendants' operation of an alleged defective payment and credit transaction posting software system and not a failure to properly investigate and correct under the FCRA.  *Id.*

---

[2]  Bridges personally guaranteed the loan.  **See** Filing No. 26 - Bridges Decl. ¶ 5.

The defendants argue the court should deny Bridges' motion to the extent it seeks to add negligence claims preempted by the FCRA. **See** Filing No. 42 - Response p. 5-7. The defendants contend Bridges' reasserted negligence claims are essentially the same as the claims the court previously dismissed. *Id.* The defendants argue both negligence claims relate to the allegedly negligent posting of a return credit and payment to the wrong account and seek damages related to Bridges' inability to refinance his loan for his business. *Id.* The defendants contend Bridges' motion is a thinly veiled effort to seek reconsideration of the order dismissing the negligence claims and, considering Bridges did not cite any authority to support reconsideration, the motion should be denied. *Id.*

## ANALYSIS

**A.    Motion for Leave to Amend Complaint**

Under Federal Rule of Civil Procedure 15, a court should grant leave to amend freely "when justice so requires." However, "[a] district court may deny leave to amend if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. Duplicative and frivolous claims are futile." ***Reuter v. Jax Ltd., Inc.***, 711 F.3d 918, 922 (8th Cir. 2013) (internal quotation and citation omitted). The party opposing the amendment has the burden of demonstrating the amendment would be unfairly prejudicial. ***Roberson v. Hayti Police Dep't***, 241 F.3d 992, 995 (8th Cir. 2001); **see** ***Hanks v. Prachar***, 457 F.3d 774, 775 (8th Cir. 2006). There is no absolute right to amend. **See** ***Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012). Whether to grant a motion for leave to amend is within the sound discretion of the district court. **See** ***Popoalii v. Corr. Med. Servs.***, 512 F.3d 488, 497 (8th Cir. 2008).

A district court's denial of leave to amend a complaint may be justified if the amendment would be futile. **See** ***Geier v. Mo. Ethics Comm'n***, 715 F.3d 674, 678 (8th Cir. 2013) (finding amendment futile where court had already considered argument in dispositive motion). However, a motion to amend should be denied on the merits "only if it asserts clearly frivolous claims or defenses." ***Becker v. Univ. of Neb. at Omaha***, 191 F.3d 904, 908 (8th Cir. 1999) (quotations and citations omitted). Further, "likelihood

3

of success on the new claim or defense is not a consideration for denying leave to amend unless the claim is clearly frivolous" or "legally insufficient on its face." **Becker**, 191 F.3d at 908; **Williams v. Little Rock Mun. Water Works**, 21 F.3d 218, 225 (8th Cir. 1994) (citation omitted). "When the court denies leave [to amend] on the basis of futility, it means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6)[.]" **Briscoe v. Cnty. of St. Louis, Mo.**, 690 F.3d 1004, 1015 (8th Cir. 2012) (first alteration in original) (citation omitted). "The party opposing such amendment ha[s] the burden of establishing that leave to amend would be . . . futile." **Sokolski v. Trans Union Corp.**, 178 F.R.D. 393, 396 (E.D.N.Y. 1998) (citation omitted). The court is mindful of the liberal policy toward amendments and "the underlying purpose of Rule 15–to facilitate decision on the merits rather than on the pleadings or technicalities." **Sharper Image Corp. v. Target Corp.**, 425 F. Supp. 2d 1056, 1080 (N.D. Cal. 2006) (internal citation omitted); see **Am. Family Mut. Ins. Co. v. Hollander**, 705 F.3d 339, 348 (8th Cir. 2013).

In the proposed second amended complaint, Bridges adds his negligence claims preceded and are separate and distinct from Bridges' FCRA claims. **See** Filing No. 39-1 - Proposed Second Amended Complaint. However, after review of the proposed second amended complaint, the reasoning for the court's dismissal of Bridges' negligence claims remains applicable and any amendment to include the negligence claims is futile. Bridges' negligence claims are interrelated with his FCRA claims and the damages Bridges seeks under his negligence claims are the same as the damages under the FCRA claims for improper credit reporting. Thus, Bridges' negligence claims "could not withstand a motion to dismiss under Rule 12(b)(6)" and Bridges is not granted leave to reassert and amend his negligence claims. The defendants do not appear to oppose the amendments to Bridges FCRA claims. Accordingly, the court will grant Bridges leave to file a second amended complaint clarifying his FCRA claims.

B.   **Motion to Strike**

Bridges argues the court should strike the defendants' opposition brief to the motion to amend because the brief was filed sixteen days after Bridges' filed his motion. **See** Filing No. 43 - Motion. A response brief must be filed within fourteen days after the

4

motion is filed and served.  **See** *id.* (**citing** Rule 7.1(b)(1)(B) of the Civil Rules of the United States District Court for the District of Nebraska (Nebraska Civil Rules)).  However, Nebraska Civil Rule 6.1(b) applies the three-day federal mailing rule when "service is accomplished . . . by electronic filing[.]"  **See** NECivR 6.1(b); **see also** Fed. R. Civ. P. 6.  Bridges filed his motion to amend on May 19, 2014.  **See** Filing No. 39 - Motion.  According to the rules, the defendants had until June 5, 2014, to respond.  The defendants filed their response on June 4, 2014.  **See** Filing No. 42 - Response.  Therefore, the defendants timely filed their response.

**IT IS ORDERED**:

1. The plaintiff's Motion for Leave to Amend Complaint (Filing No. 39) is granted to the extent the plaintiff may amend his FCRA claims but denied in all other respects.  The plaintiff shall have until **June 30, 2014**, to file a second amended complaint.

2. The plaintiff's Motion to Strike Defendant's Opposition to Plaintiff's Motion for Leave to Amend Complaint (Filing No. 43) is denied.

**ADMONITION**

Pursuant to NECivR 72.2 any objection to this Order shall be filed with the Clerk of the Court within fourteen (14) days after being served with a copy of this Order.  Failure to timely object may constitute a waiver of any objection.  The brief in support of any objection shall be filed at the time of filing such objection.  Failure to file a brief in support of any objection may be deemed an abandonment of the objection.

Dated this 24th day of June, 2014.

BY THE COURT:

s/ Thomas D. Thalken
United States Magistrate Judge