# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| JIM R. BRIDGES, | | |
| Plaintiff, | | 8:13CV157 |
| vs. | | |
| J.C. PENNEY CORPORATION, INC. and GENERAL ELECTRIC CAPITAL CORPORATION, | | ORDER |
| Defendants. | | |

This matter is before the court on the plaintiff's, Jim R. Bridges (Bridges), Motion to Extend Discovery Motions and Deposition Deadlines (Filing No. 95). The defendants, J.C. Penny Corporation, Inc. (J.C. Penny) and General Electric Capital Corporation d/b/a GE Capital Retail Bank (GE Capital), filed a brief (Filing No. 98) and index of evidence (Filing No. 99) in opposition. The plaintiff did not file a reply.

## BACKGROUND

This case arises from the alleged mishandling of Bridges' two J.C. Penny Rewards Credit Cards. **See** Filing No. 26 - Amended Complaint. Bridges closed the first card in 2002. **Id.** In 2009, Bridges opened a second card. **Id.** In 2010, Bridges purchased several items from J.C. Penny with his second card. **Id.** Bridges subsequently returned the items and J.C. Penny, instead of refunding the account for the second card, applied the refund to the closed first card leaving an outstanding balance on the second card. **Id.** Bridges and J.C. Penny attempted to resolve the mistakes, however further mistakes were made in correcting the balances, and J.C. Penny and GE Capital, who operated J.C. Penny's credit card customer service, notified Bridges the account for the second card was sent for collection to credit bureaus. **Id.** As a result of negative credit reports, and the subsequent decline in his credit score and credit worthiness, Bridges' company lost an opportunity to refinance its loan at an earlier time.[1]

The parties have engaged in discovery since August 2014. On November 3, 2014, the court set February 27, 2015, as the deposition deadline and January 30, 2015, as the discovery motion deadline for matters then ripe for decision. **See** Filing No. 68. As to

---

[1] Bridges personally guaranteed the loan. **See** Filing No. 26 - Bridges Decl. ¶ 5.

discovery matters arising after January 30, 2015, the deadline to file discovery motions was February 27, 2015, the deposition deadline. *Id.* All written discovery was to be served sufficiently early to allow rule time response before the deposition deadline. *Id.* On December 30, 2014, the defendants filed a summary judgment motion, which has been fully briefed and is pending before the court. **See** Filing No. 72. On February 24, 2015, three days before the deposition deadline, Bridges served two Fed. R. Civ. P. 30(b)(6) corporate representative deposition notices on Synchrony Bank. **See** Filing Nos. 87 and 88. To accommodate schedules and circumstances, the parties scheduled the Rule 30(b)(6) deposition for May 7, 2015. **See** Filing No. 95 - Motion; Filing No. 98 - Response. On March 2, 2015, the parties jointly moved to modify the November 3, 2015, scheduling order for the limited purpose of extending the deposition deadline. **See** Filing No. 93. The court extended the deposition deadline to April 28, 2015, with all written discovery to be served sufficiently early to allow rule time response before the deposition deadline. **See** Filing No. 94.

Bridges now seeks to extend the discovery motion deadline to April 28, 2015, and the deposition deadline to May 28, 2015. **See** Filing No. 95 - Motion. Bridges states the extension of the deposition deadline is necessary because of the Rule 30(b)(6) deponent's unavailability. *Id.* Bridges also argues for an extension of the discovery motion deadline because the defendants have failed to produce documents in response to Bridges' October 15, 2014, request for production. *Id.*

The defendants do not oppose an extension of the deposition deadline; however, the defendants do oppose an extension of the discovery motion deadline and reopening discovery. **See** Filing No. 98 - Response. Contrary to Bridges' argument, the defendants assert they timely responded to the October 2014 discovery requests. *Id.* (**citing** Filing No. 99-1 Ex. 1 - Gutierrez Aff. ¶ 4; 99-2 Ex. A - Dec. 17, 2014, Response Letter). The defendants contend any extension of the discovery motion deadline will reward Bridges' lack of diligence as any dispute regarding the defendants' responses to the October 2014 discovery requests was ripe before the now-passed January 30, 2015, deadline. *Id.*

## ANALYSIS

"A schedule may be modified only for ***good cause*** and with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added); **see also** ***Hartis v. Chicago Title Ins. Co.***, 694 F.3d 935, 948 (8th Cir. 2012). "The primary measure of good cause is the movant's

diligence in attempting to meet the order's requirements." ***Hartis***, 694 F.3d at 948 (citation omitted). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." ***Sherman v. Winco Fireworks, Inc.***, 532 F.3d 709, 717 (8th Cir. 2008). In addition to the good cause requirement, "[w]hen an act may or must be done within a specified time, . . . on motion made after the time has expired," the court may extend time "if the party failed to act because of excusable neglect." **See** Fed. R. Civ. P. 6(b)(1)(B).

The parties agree to an extension of the deposition deadline to accommodate the Rule 30(b)(6) deposition; therefore, the court will extend the deadline to May 28, 2015. However, Bridges failed to demonstrate excusable neglect or good cause to extend the discovery motion deadline. Specifically, Bridges failed to show diligence in attempting to meet the court's deadline for filing discovery motions. To the extent a dispute exists about the adequacy of the defendants' response to Bridges' October 2014, discovery requests, such a dispute should have been subject to a motion to compel filed prior to the January 30, 2015, deadline, when the matter was ripe for decision. Bridges has not adequately explained why he was unable to seek court relief prior to that deadline. Additionally, in the interim joint motion to extend case deadlines, Bridges did not request an extension of the discovery motion deadline as to all discovery matters.[2] Because Bridges has not demonstrated diligence in attempting to meet the court's deadline, Bridges request to extend the discovery motion deadline is denied. Accordingly,

**IT IS ORDERED**:

The plaintiff's Motion to Extend Discovery Motions and Deposition Deadlines (Filing No. 95) is granted to the extent the parties shall have until **May 28, 2015**, to complete depositions, and denied in all other respects.

Dated this 28th day of April, 2015.

BY THE COURT:
s/ Thomas D. Thalken
United States Magistrate Judge

---

[2] In the joint motion, the parties did seek until April 28, 2015, to complete depositions and file discovery motions, but "***solely*** for the purpose of allowing adequate time to take the Rule 30(b)(6) deposition of [the defendants' witness] and ***to file any appropriate motions with respect to that deposition***." **See** Filing No. 93 - Joint Motion ¶ 5 (emphases added). In granting the parties' joint motion, the court did not extend the discovery motion deadline. **See** Filing No. 94 - Amended Order Setting Final Schedule for Progression of Case.